**Karen Leslie EHRENBORG,
Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff).**

No. 5568.

Supreme Court of Wyoming.

Jan. 26, 1982.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Lara-

mie, Sylvia Lee Hackl, Asst. Public Defender, Cheyenne, John V. Lake, Asst. Public Defender, Powell, and Steven R. Helling, Asst. Public Defender, Cheyenne, Wyo. Public Defender Program, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., and Sharon A. Lyman, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was found guilty by the trial court of possession of a controlled substance, marijuana, in violation of § 35–7–1031(c), W.S.1977. She was sentenced to not more than six (6) months nor less than three (3) months in the county jail and fined $300. The evidence which led to her conviction was obtained during the execution of a search warrant issued by an alternate justice of the peace authorizing a search for controlled substances. On appeal the appellant challenges the authority of an alternate justice of the peace to issue a search warrant in a controlled substance case, contending that § 35–7–1045(d), W.S. 1977[1] gives such authority only to a judge or district court commissioner.[2]

We affirm.

On the afternoon of December 12, 1980, a Cody police officer sought a warrant to search a residence in Cody, Park County, Wyoming and the occupants therein for controlled substances and related items. When the officer was unable to reach either the justice of the peace and district court commissioner or the district court judge, he contacted an alternate justice of the peace in Park County, who issued the search war-

---

1. Section 35–7–1045(d), W.S.1977, provides:

   "(d) A search warrant *relating to offenses involving controlled substances* may be served at any time of the day or night if the judge or district court commissioner issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time." (Emphasis added.)

2. Appellant draws no distinction between a justice of the peace and an alternate justice of the peace and does not present an issue based on such distinction. Nor does she consider the service of the search warrant at night to be a relevant fact; it is not mentioned in her brief.

rant and authorized its service at night. The search warrant was served at approximately 6:40 p. m. that evening and a small amount of marijuana was found in appellant's purse.

Prior to trial, appellant moved to suppress the evidence obtained pursuant to the search warrant, raising the same issue presented here. She did not challenge the probable cause finding. The motion was denied and the evidence was received at trial over appellant's objection.

Appellant's only contention on appeal is that the district court erred in not suppressing the evidence obtained under a search warrant issued by an alternate justice of the peace inasmuch as § 35–7–1045(d)[3] gives authority for such issuance only to a judge or district court commissioner. In support of this contention, appellant presents several grounds for holding that the terms "judge or district court commissioner" used in § 35–7–1045(d)[4] do not include justices of the peace. However, appellant has misconstrued the purpose of § 35–7–1045(d).

The language of § 35–7–1045(d)[5] is plain and unambiguous. It neither authorizes nor prohibits the issuance of search warrants in controlled substance cases. Rather, it places a condition on the nighttime service of such a warrant, i.e., there must be "probable cause to believe that grounds exist * * *" for its service at such time. Section 35–7–1045(d).[6] Since the language is plain and unambiguous in imposing the condition, we need not look further for legislative intent or purpose. *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351, 1357 (1978); *Hayes v. State*, Wyo., 599 P.2d 558, 564 (1979).

A justice of the peace is authorized to issue search warrants in controlled substance cases by Rule 40(a), W.R.Cr.P.:

"A search warrant authorized by this rule may be issued by a district judge or commissioner for the jurisdiction wherein the property sought is located."

And Rule 1(b)(1), W.R.Cr.P., defines "commissioner" to include justices of the peace. Finally, Rule 40(b), W.R.Cr.P., sets out the grounds for the issuance of a search warrant:

"(b) *Grounds for issuance.*—A warrant may be issued under this rule to search for and seize any property

"(1) Stolen or embezzled in violation of law; or

"(2) Designed or intended for use or which is or has been used as the means of committing a criminal offense; or

"(3) Possessed, controlled, or designed or intended for use or which is or has been used in violation of any law; or

"(4) When the property or things to be seized consist of any item, or constitute any evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime."

These grounds clearly encompass the issuance of a search warrant for controlled substances and related items.

Inasmuch as a justice of the peace is authorized by Rule 40, W.R.Cr.P., to issue a search warrant in a controlled substance case, such authority is not limited by § 35–7–1045(d), which only places a condition on the service of the warrant at night. Appellant's motion to suppress the evidence obtained during the execution of a search warrant for controlled substances and related items issued by the alternate justice of the peace was properly denied.

Affirmed.

---

**3.** See fn. 1, supra.

**4.** See fn. 1, supra.

**5.** See fn. 1, supra.

**6.** Rule 40(c), W.R.Cr.P. contains a similar requirement: " * * * The warrant shall direct that it be served in the daytime, but for good cause shown the warrant may direct that it be served at any time. * * * "